# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| HANNAH HODGES,<br>*Plaintiff,*<br><br>v.<br><br>UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL SCHOOL, et al.<br>*Defendants.* | CASE NO. 3:22-cv-2583-K |

## **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

I.  INTRODUCTION ............................................................................................... 1

II. STATEMENT OF ISSUES .................................................................................. 1

III. STANDARD OF REVIEW .................................................................................. 1

   Rule 12(b)(1) ........................................................................................................ 1

   Rule 12(b)(6) ........................................................................................................ 2

IV. ARGUMENT ........................................................................................................ 3

   A.   42 U.S.C. § 1983 and Immunity ................................................................. 3

      1) Plaintiff's § 1983 claim against UTSM and the Official Defendants are not barred by sovereign immunity. ................................................................. 3

      2) Plaintiff's § 1983 claim against the Individual Defendants is not barred by qualified immunity. ................................................................................... 4

   B.   Plaintiff has plead a legally cognizable disability discrimination Claim ................ 11

   C.   Plaintiff's Tort Claims ................................................................................. 12

   D.   Plaintiff's claims against Erin Sine and Jessica Spaniol are also barred by attorney immunity ............................................................................................... 13

      1) Amendments ............................................................................................... 13

V.  CONCLUSION .................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Angulo v. Brown*, 978 F.3d 942, 948-49 (5th Cir. 2020).........................................................8

*Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011)........8

*Baker v. McCollan*, 443 U.S. 137, 140, 61 L. Ed. 2d 433, 99 S. Ct. 2689 (1979)..............5

*Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)...........................1

*Butz v. Economou*, 438 U.S. 478, 504-06, 57 L. Ed. 2d 895, 98 S. Ct. 2894 (1978).........4

*Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).............................................................3

*Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).......................2

*Copeland v. Livingston*, 464 F. App'x 326, 330 (5th Cir. 2012).........................................3

*Delano-Pyle v. Victoria Cty.*, 302 F.3d 567, 574 (5th Cir. 2002).......................................11

*Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989)..............................................................2

*Ex parte Young*, 209 U.S. 123, 159-160, 28 S. Ct. 441, 52 L. Ed. 714 (1908)...............3, 4

*Goss v. Lopez*, 419 U.S. 565, 579 (1975)...............................................................................9

*Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997)............................................2

*Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998)..................................................4

*Hinson v. Martin*, 853 F. App'x 926, 930 (5th Cir. 2021).....................................................8

*Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)............................................................2

*Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) ..............................................................................................................................2

*Hope v. Pelzer*, 536 U.S. 730, 738, 153 L. Ed. 2d 666, 122 S. Ct. 2508 (2002)................6

*Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 394 (5th Cir. 2000)....................6

*Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017).......................................................13

*Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)................9

*McClendon v. City of Columbia*, 305 F.3d 314 (2002).......................................................5

*Meekins v. Foster*, 212 F.3d 595, 2000 WL 423356 (5th Cir. 2000)..................................4

*Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).............9

*Nelson v. Univ. of Tex.*, 535 F.3d 318, 322 (5th Cir. 2008) .................................................. 4

*Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) ........................... 2

*Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) ....................................................... 5

*Sternadel v. Scott*, 254 F.3d 1080, 2001 WL 563628 (5th Cir. 2001) ................................. 4

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992) ................ 3

*Toles v. Toles*, 113 S.W.3d 899, 910-11 (Tex. App.-Dallas 2003) ................................... 13

*Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501, 505 (5th Cir. 2019) ......................... 13

*Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637, 179 L. Ed. 2d 675 (2011) ............................................................................................................................. 3

*Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971) ..... 9

## Statutes

29 U.S.C. § 794 .................................................................................................................... 11

42 U.S.C. § 12132 ................................................................................................................ 11

Tex. Civ. Prac. & Rem. Code. §101.106 ........................................................................... 12

U.S. Const. amend. XIV, § 1 ............................................................................................... 9

## Rules

Fed. R. Civ. P. 15(a)(2) ...................................................................................................... 13

# I. INTRODUCTION

This is an action arising from Plaintiff's wrongful dismissal from the University of Texas Southwest Medical School.

# II. STATEMENT OF ISSUES

1. Does sovereign immunity bar Plaintiff's claims? No.

2. Does qualified immunity bar Plaintiff's claims? No.

3. Are Plaintiff's claims well pled? Yes.

# III. STANDARD OF REVIEW

**Rule 12(b)(1)**

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

Defendant presents an affidavit from its superintendent with supporting school documents. The documents attached are contested facts and should not be taken into consideration when analyzing Plaintiff's well pled claims.

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any

1

attack on the merits. *Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977). The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.* A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

**Rule 12(b)(6)**

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed. R. Civ. P. 12(b)(6). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997).

Subsumed within the rigorous standard of the Conley test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). "The plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss

2

an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

## IV.   ARGUMENT

A.   **42 U.S.C. § 1983 and Immunity**

   1) **Plaintiff's § 1983 claim against UTSM and the Official Defendants are not barred by sovereign immunity.**

Sovereign immunity, pursuant to the Eleventh Amendment to the federal Constitution, is the "privilege of the sovereign not to be sued without its consent." *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637, 179 L. Ed. 2d 675 (2011). Plaintiff concedes that Defendant UTSW is an instrumentality of the State of Texas. However, sovereign immunity does not bar the plaintiff from seeking prospective injunctive relief. *Ex parte Young*, 209 U.S. 123, 159-160, 28 S. Ct. 441, 52 L. Ed. 714 (1908). Injunctive relief is described as prospective relief. The ongoing violation of Plaintiff's federally ensured due process rights, to which she seeks injunctive relief in the form of reinstatement is not barred by the State's sovereign immunity clause.

Sovereign immunity also bars suits against state officials in their official capacity. *Copeland v. Livingston*, 464 F. App'x 326, 330 (5th Cir. 2012). Sovereign immunity does not bar the plaintiff from seeking prospective injunctive relief against the state officials in

3

their official capacity. *Ex parte Young*, 209 U.S. 123, 159-160, 28 S. Ct. 441, 52 L. Ed. 714 (1908). Plaintiff seeks reinstatement into the medical program at UTSM, of which she was wrongfully dismissed, to continue pursuance of her medical degree.

A motion to dismiss on the basis of Eleventh Amendment immunity should not be granted when the plaintiff sought the prospective relief of reinstatement. *Sternadel v. Scott*, 254 F.3d 1080, 2001 WL 563628 (5th Cir. 2001). Reinstatement "would qualify as acceptable injunctive relief" for *Ex parte Young* purposes. *Meekins v. Foster*, 212 F.3d 595, 2000 WL 423356 (5th Cir. 2000); *Nelson v. Univ. of Tex.*, 535 F.3d 318, 322 (5th Cir. 2008). Defendant's Motion to Dismiss Plaintiff's claims as barred by sovereign immunity should be denied.

### 2) Plaintiff's § 1983 claim against the Individual Defendants is not barred by qualified immunity.

The doctrine of qualified immunity seeks to strike a balance between competing social objectives, providing breathing space for the vigorous exercise of official authority, while at the same time allowing a possibility of redress for victims of officials' abuses. *Butz v. Economou*, 438 U.S. 478, 504-06, 57 L. Ed. 2d 895, 98 S. Ct. 2894 (1978).

The qualified immunity analysis is a two-step inquiry. First, a court must decide whether a plaintiff's allegation, if true, establishes a violation of a clearly established right. *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998). Second, if the plaintiff has alleged a violation, the court must decide whether the conduct was objectively reasonable in light of clearly established law at the time of the incident. *Id*.

The threshold issue presented by any case arising under Section 1983 is whether a plaintiff has sufficiently alleged a deprivation of a right secured by the Constitution. *Baker v. McCollan*, 443 U.S. 137, 140, 61 L. Ed. 2d 433, 99 S. Ct. 2689 (1979). An individual's right to due process, property rights and liberty rights were clearly established at the time of violation. Rights that were clearly established and known of at the time.

To demonstrate a viable substantive due process claim, in cases involving government action, we have generally required plaintiffs to demonstrate that "the defendant state official at a minimum acted with deliberate indifference toward the plaintiff." *McClendon v. City of Columbia*, 305 F.3d 314 (2002).

Plaintiff's claims as to each of the Defendants meets and exceeds the deliberate indifference standard. Defendants acted willfully with intent to deny Plaintiff her due process rights. It is unconscionable that Defendants would willfully seek to harm the Plaintiff. Defendants failed to follow well established policies and procedures in the handling of the Plaintiff which resulted in Plaintiffs injuries. Defendants knew of Plaintiff's disabilities and failed to account for Plaintiff's status as a qualified individual with disabilities and the way in which it impacted her education when seeking expulsion. Individual Defendants knew or should have known of the immediate consequence of their actions. Defendants are not entitled to qualified immunity from a deliberate indifference finding because their conduct was objectively unreasonable.

The courts have held that "the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998). As the

5

Supreme Court has stated, under a deliberate indifference standard, "we may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious." *Hope v. Pelzer*, 536 U.S. 730, 738, 153 L. Ed. 2d 666, 122 S. Ct. 2508 (2002).

The outcome of Defendants conduct was foreseeable. It is hard to imagine a situation in which the individuals set to determine whether a student is expelled from medical school do not foresee the damage to Plaintiff's education and future career. Plaintiff will be required to disclose her expulsion on all future medical school applications, financial aid applications and residency applications should she find another medical school willing to enroll a student with an expulsion on her record.

At the second part of the qualified immunity analysis, "we are only to determine whether, in light of the facts viewed in the light most favorable to the plaintiffs, the conduct of the individual defendants was objectively unreasonable when applied against the deliberate indifference standard." *Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 394 (5th Cir. 2000).

Defendant Rege violated Plaintiff's constitutional rights when he failed to take the totality of the circumstances into account during Plaintiff's expulsion hearing as required by UMSW policy. Plaintiff was not given the opportunity to have any meaningful evidence considered her behalf. Defendants' that they had never had an occurrence like this before and thus compared Plaintiffs actions to those of a student without a qualified disability. Defendant's actions were deliberate, unreasonable in the light of the situation and meant to cause a known harm to the Plaintiff in direct violation of Plaintiff's constitutional rights.

6

Defendant Ambardekar violated Plaintiff's constitutional rights when she failed to take the totality of the circumstances into account during Plaintiff's expulsion hearing as required by UMSW policy. Plaintiff was not given the opportunity to have any meaningful evidence considered her behalf. Defendants' that they had never had an occurrence like this before and thus compared Plaintiffs actions to those of a student without a qualified disability. Defendant's actions were deliberate, unreasonable in the light of the situation and meant to cause a known harm to the Plaintiff in direct violation of Plaintiff's constitutional rights.

Defendant Sine violated Plaintiff's constitutional rights when she failed to take the totality of the circumstances into account during Plaintiff's expulsion hearing as required by UMSW policy. Plaintiff was not given the opportunity to have any meaningful evidence considered her behalf. Defendants' that they had never had an occurrence like this before and thus compared Plaintiffs actions to those of a student without a qualified disability. Defendant's actions were deliberate, unreasonable in the light of the situation and meant to cause a known harm to the Plaintiff in direct violation of Plaintiff's constitutional rights.

Defendant Spaniol violated Plaintiff's constitutional rights when she failed to take the totality of the circumstances into account during Plaintiff's expulsion hearing as required by UMSW policy. Plaintiff was not given the opportunity to have any meaningful evidence considered her behalf. Defendants' that they had never had an occurrence like this before and thus compared Plaintiffs actions to those of a student without a qualified disability. Defendant's actions were deliberate, unreasonable in the light of the situation

and meant to cause a known harm to the Plaintiff in direct violation of Plaintiff's constitutional rights.

Defendant Podolsky violated Plaintiff's constitutional rights when he failed to take the totality of the circumstances into account during Plaintiff's appeal hearing as required by UMSW policy. Defendant Podolsky upheld the expulsion in direct violation of UMSW policies. Plaintiff was not given the opportunity to have any meaningful evidence considered her behalf. Defendants' that they had never had an occurrence like this before and thus compared Plaintiffs actions to those of a student without a qualified disability. Defendant's actions were deliberate, unreasonable in the light of the situation and meant to cause a known harm to the Plaintiff in direct violation of Plaintiff's constitutional rights.

To overcome an official's claim of qualified immunity, a plaintiff must be able to prove "facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011). "Qualified immunity shields from liability all but the plainly incompetent or those who knowingly violate the law. Accordingly, qualified immunity represents the norm, and courts should deny a defendant immunity only in rare circumstances." *Angulo v. Brown*, 978 F.3d 942, 948-49 (5th Cir. 2020), *Hinson v. Martin*, 853 F. App'x 926, 930 (5th Cir. 2021).

Plaintiff is disabled student who was deprived of her constitutional rights at the hands of Defendants.

The Fourteenth Amendment provides that "no state shall make or enforce any law which shall . . . deprive any person of life, liberty, or property, without due process of law."

U.S. Const. amend. XIV, § 1. Plaintiff's Complaint sets out sufficient facts to show (1) a cognizable liberty or property interest; (2) the deprivation of that interest by the Defendants; and (3) that the procedures employed by Defendants were constitutionally inadequate. The deprivation of a protected interest warrants meaningful notice and meaningful opportunity to be heard. *Goss v. Lopez*, 419 U.S. 565, 579 (1975).

Due process requires fair notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Beyond those threshold requirements, though, due process is "flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

A liberty interest is implicated "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him." *Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).

The undisputed record in the instant case reflects that Plaintiff was expelled from Defendant UTSW. This charge plainly calls into question Plaintiff's "good name, reputation, honor, or integrity. Moreover, Plaintiff's expulsion constitutes an alteration of his legal status as student. Plaintiff's expulsion constituted a state action, the record makes clear that state action has deprived plaintiff of a protected liberty interest.

In the instant case, Plaintiff's transcript bears a notation that she was the subject of an expulsion. Thus, plaintiff's future educational and employment endeavors, which routinely require disclosure of academic transcripts, may well lead to the public's learning that plaintiff was expelled for misconduct resulting in Plaintiff's inability to pursue

9

education and professional opportunities. Even if the specific charge is not disclosed, a reasonable person will conclude that a non-academic justification for an expulsion implies the existence of serious character defects.

Defendants' falsely asserts to this Court that there was no implied or express contract between Plaintiff and UMSW in relation to her enrollment and attendance at UMSW, her degree program, her tuition payments, and acceptance of tuition payments by UMSW. Plaintiff executed a contract with UMSW and thereby enrolled in the medical degree program. By executing the contact with UMSW, Plaintiff was bound by UMSW's policies and procedures.

Plaintiff has a constitutionally protected property interest that was clearly established after entering a contract for her medical education at UMSW given that Plaintiff paid tuition to UMSW to attend classes. Plaintiff's property interest has been damaged due to Defendants' actions.

Plaintiff and Defendant UMSW entered a contract by which UMSW offered admission to Plaintiff to receive her medical degree. Plaintiff accepted Defendant's offer of admission and attended UMSW as a medical student. There was a mutual exchange of consideration for which Plaintiff attended UMSW involving payments and expenditure of time as well as UMSW makings its services including educational opportunities available to Plaintiff.

Plaintiff in the case at bar, had a protected property interest in her continued enrollment at UMSW, but for the capricious conduct of Defendants.

The state law source of a property interest was simply the common law of contracts. In the instant case, Plaintiff has clearly established that there was in fact a contract which was executed by Plaintiff, and Defendant UMSW authorized representatives; Plaintiff paid the Defendant UMSW's required application fee and other fees at the time the contract was executed. Plaintiff's application for enrollment in the courses offered by UMSW was accepted, and Plaintiff chose the courses she intended to take in her medical degree program. Plaintiff had a protected property interest and a right to Due Process under the Fourteenth Amendment established through the contract, as well as the payment of tuition by Plaintiff and the acceptance of same by Defendant UMSW.

**B.     Plaintiff has plead a legally cognizable disability discrimination Claim**

Title II of the ADA provides: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Rehabilitation Act prohibits any "otherwise qualified individual with a disability in the United States" from being "excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination under any program or activity receiving Federal financial assistance," including any instrumentality of a local government. 29 U.S.C. § 794. The remedies, procedures, and rights available under the Rehabilitation Act parallel those available under the ADA. *Delano-Pyle v. Victoria Cty.,* 302 F.3d 567, 574 (5th Cir. 2002).

11

For this type of claim, a plaintiff must show that the entity knew of the disability and its consequential limitations, either because the plaintiff requested an accommodation or because the nature of the limitation was open and obvious. *Windham v. Harris Cty.*, 875 F.3d at 236-37 (5th Cir. 2017). Plaintiff's disability was known to UMSW. Plaintiff had disclosed to her professors that she often doodles to maintain concentration and her ADHD. Plaintiff had disclosed her ADHD to her professors and further provided additional evidence to the hearing board that was ultimately disregarded.

Defendants misclassify Plaintiff's actions. Plaintiff maintains her concentration during her classes by doodling notes. Plaintiff's doodling is because of her ADHD. When in her medical lab Plaintiff began unconsciously doodling on the cadaver, like she would do to paper in any other classroom environment. Plaintiff's doodling on the cadaver lead to Plaintiff's misconduct violation and ultimately her expulsion. Defendants failed to take into consideration that it was because of Plaintiff's disability that she was brought before the disciplinary board. UTSW discriminated against Plaintiff in their denial to provide Plaintiff with services as a result of her disability and its manifestation.

C.   **Plaintiff's Tort Claims**

Plaintiff concedes that the claims for negligent and intentional infliction of emotional distress should be dismissed as to the Individual Defendants pursuant to Tex. Civ. Prac. & Rem. Code. §101.106.

**D.     Plaintiff's claims against Erin Sine and Jessica Spaniol are also barred by attorney immunity**

Texas law provides for three circumstances that permit attorney liability to non-clients: (1) acts outside of the litigation context, (2) criminal acts, and (3) acts that violate the Texas Securities Act. *Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501, 505 (5th Cir. 2019)

If an attorney shows that the conduct at issue was "part of the discharge of the [attorney's] duties in representing [the] client," immunity is appropriate. *Toles v. Toles*, 113 S.W.3d 899, 910-11 (Tex. App.-Dallas 2003). On the other hand, "attorneys are not protected from liability to non-clients for their actions when they do not qualify as 'the kind of conduct in which an attorney engages when discharging . . . duties to [a] client.'" *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017). The Defendants have not shown that they were acting within their legal scope of duty. Plaintiff contends that Defendant Sine and Defendant Spaniol were operating as a part of the disciplinary hearing panel consisting of other UMSW staff. Nowhere do Defendants Sine and Spaniol state that they were operating within a legal capacity during Plaintiff's hearing.

An attorney seeking dismissal based on attorney immunity bears the burden of establishing entitlement to the defense. *Id.* at 375. A burden that has not been met in the present case.

**1) Amendments**

A Plaintiff may file an amended complaint once as a matter of course. Fed. R. Civ. P. 15(a)(2). Plaintiff has not yet filed an amended complaint. Should this honorable court

13

deem Plaintiff's deficient in any manner, Plaintiff respectfully requests leave to amend the complaint.

## V.     CONCLUSION

Plaintiff has pled valid ADA, Section 504 and Section 1983 claims against Defendant UTSM for injunctive relief; Plaintiff has pled a valid §1983 claim against the Individual Defendants. As such, Defendant's Motion to Dismiss should be denied as to the above-mentioned claims, the case should be allowed to proceed into discovery and a date set for trial.


Dated: March 7, 2023

Respectfully submitted,

Keith Altman, Esq. (*pro hac vice*)
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com


/s/ *Robert M. Kisselburgh*
Robert M. Kisselburgh
KISSELBURGH LAW FIRM
1300 S. University Drive, Suite 500
Fort Worth, TX 76107
Telephone: (817) 500-0990
Fax: (817) 576-1928
robert@kisselburghlaw.com

## **CERTIFICATE OF SERVICE**

I certify that on March 7, 2023, a copy of the foregoing document was served upon all counsel of record by the Court's ECF system.

Respectfully Submitted,

Keith Altman, Esq.