UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HANNAH HODGES, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 3:22-cv-02583-K |
| | § | |
| UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL | § | |
| SCHOOL, et al., | § | |
|    *Defendants.* | § | |

**DEFENDANTS' REPLY IN SUPPORT OF RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE U.S. DISTRICT JUDGE ED KINKEADE:

Defendants The University of Texas Southwestern Medical School ("UTSW"), Angela Mihalic, Robert Rege, Aditee Ambardekar, Erin Sine, Jessica Spaniol, and Daniel Podolsky jointly file this Reply in Support of their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Because Plaintiff's Response (ECF 14) fails to negate any of the arguments and authorities set forth in Defendants' Motion to Dismiss, this Court should grant the Motion and dismiss Plaintiff's claims.

1. **The *Ex parte Young* doctrine does not apply to Plaintiff's § 1983 claim.**

Plaintiff argues that the mere fact she is seeking prospective injunctive relief means her § 1983 claim is not barred by sovereign immunity under the *Ex parte Young* doctrine. As Defendants previously explained in their Motion to Dismiss, this is not the law. Initially, Defendants note that *Ex parte Young* does not apply to state entities themselves, only to state officials sued in their official capacities. *See, e.g.*,

*Fontenot v. McCraw*, 777 F.3d 741, 752 (5th Cir. 2015). Thus, Plaintiff's § 1983 claim against UTSW itself is not even facially eligible for consideration under the *Ex parte Young* doctrine.

More broadly, the *Ex parte Young* doctrine does not apply to Plaintiff's § 1983 claim against any of the Official Defendants.[1] As explained in Defendants' Motion to Dismiss, for the *Ex parte Young* doctrine to apply, Plaintiff must not only seek prospective injunctive relief, but must also show "an ongoing violation of federal law." *Fontenot*, 777 F.3d at 752. To show a due process violation under § 1983, Plaintiff must identify a constitutionally protected liberty or property interest, and she must show that she was "intentionally or recklessly deprived of that interest, even temporarily, under color of state law." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 450 (5th Cir. 1994) (en banc). Plaintiff's allegations fail to make such a showing.

First, Plaintiff argues that she has a protected liberty interest in her reputation. However, Plaintiff merely cites *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971), ignoring the more recent case law cited by Defendants in their Motion. Notably, the Supreme Court expressly rejected Plaintiff's interpretation of *Constantineau* in *Paul v. Davis*, 424 U.S. 693 (1976). In *Paul*, the Supreme Court directly held that cases like *Constantineau* do *not* mean that mere injury to reputation is sufficient to trigger the Due Process Clause. Instead, a plaintiff must be able to show the deprivation of an underlying substantive right to invoke the

---

[1] "Official Defendants" include UTSW and all the other Defendants insofar as they are sued in their official capacities.

protections of the Due Process Clause. *Paul*, 424 U.S. at 701–12 (analyzing numerous other cases that support this principle). Because Plaintiff cannot show a substantive right to attend medical school, her attempt to establish a constitutionally protected liberty interest by pointing to an alleged reputational injury fails as a matter of law. *See id.*; *see also Doe v. Silsbee Indep. Sch. Dist.*, 402 F. App'x 852, 854 (5th Cir. 2010) (per curiam) (noting that even "freedom from false stigmatization does not constitute a protected liberty interest under the Fourteenth Amendment").

Second, Plaintiff argues that she has a constitutionally protected property interest arising out of an alleged contract between Plaintiff and UTSW. Plaintiff cites no legal authority for her contention that an enrollment agreement creates a constitutionally protected property interest in higher education. Even further, Plaintiff fails to allege how Defendants purportedly violated her "contractual" rights. At most, Plaintiff simply repeats the conclusory assertions that Defendants "failed to take the totality of the circumstances into account during Plaintiff's expulsion hearing," and that "Plaintiff was not given the opportunity to have any meaningful evidence considered [on] her behalf." ECF 14 at 10–12. Both of those allegations are purely speculative, and the second also contradicts Plaintiff's specifically pleaded facts. *See* ECF 1 ¶¶ 27–28, 32, 35, 37–40, 42, 46 (detailing numerous times that Plaintiff wrote to and personally met with various UTSW authorities, explaining her side of the story, including her specific contention that her misconduct was caused by ADHD). Plaintiff's allegations fail to satisfy the federal pleading standard, as they amount to nothing more than "conclusory allegations, unwarranted factual

inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).[2]

Finally, even if Plaintiff had somehow shown a constitutionally protected liberty or property interest, her § 1983 claim would still fail because she cannot show that she was "intentionally or recklessly deprived of that interest." *Doe*, 15 F.3d at 450. Indeed, Plaintiff makes no effort to respond to or distinguish the binding authority cited in Defendants' Motion to Dismiss: "If a public university dismisses a student for disciplinary reasons, the student is not entitled to a formal hearing but instead to an informal give-and-take between the student and the administrative body dismissing [her] that would, at least, give the student the opportunity to characterize [her] conduct and put it in what [she] deems the proper context." *Perez v. Tex. A & M Univ. at Corpus Christi*, 589 F. App'x 244, 248–49 (5th Cir. 2014) (per curiam) (internal quotation marks omitted). As noted, this is exactly what Plaintiff alleges occurred—numerous instances of give-and-take between Plaintiff and various UTSW authorities, where Plaintiff had repeated opportunities to characterize her conduct. *See* ECF 1 ¶¶ 27–28, 32, 35, 37–40, 42, 46. Even if Plaintiff had a constitutionally protected liberty or property interest, her own allegations show that she received all the process constitutionally required.

---

[2] Defendants note that in Plaintiff's Response, she cites old authority in her standard of review for Rule 12(b)(6), failing to account for or acknowledge the seminal cases that modified the federal pleading standard in 2007 and 2009. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009).

In sum, Plaintiff has not pleaded a legally cognizable due process claim. Thus, she has not pleaded "an ongoing violation of federal law," which means the *Ex parte Young* doctrine does not apply. *See Fontenot*, 777 F.3d at 752. Plaintiff's § 1983 claim against the Official Defendants is barred by sovereign immunity, and the Court should dismiss it.

## 2. Plaintiff has failed to overcome qualified immunity.

Plaintiff has not carried her burden to show that her § 1983 claim against the Individual Defendants[3] survives qualified immunity. Specifically, Plaintiff has the burden to show "(1) that [each Individual Defendant] violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Plaintiff does not satisfy the first prong because she cannot show any due process violation, as discussed above. Plaintiff fails to satisfy the second prong because she has not identified any sufficiently specific "clearly established" law.

As explained by Defendants in their Motion to Dismiss, "clearly established law should not be defined at a high level of generality," but "must be particularized to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam) (internal quotation marks omitted); *see also Bustillos v. El Paso Cty. Hosp. Dist.*, 891 F.3d 214, 222 (5th Cir. 2018). Plaintiff completely fails to meet this standard, citing only authorities describing broad, basic, general legal principles. This falls far short

---

[3] "Individual Defendants" include Angela Mihalic, Robert Rege, Aditee Ambardekar, Erin Sine, Jessica Spaniol, and Daniel Podolsky insofar as they are sued in their individual capacities.

of the "clearly established" law required to overcome qualified immunity. *See Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013) (to defeat qualified immunity, there must be "controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity"); *McClendon v. City of Columbia*, 305 F.3d 314, 331 (5th Cir. 2002) (a court must "consider not only whether courts have recognized the *existence* of a particular constitutional right, but also . . . whether that right has been defined with sufficient clarity to enable a reasonable official to assess the lawfulness of his conduct"). Plaintiff does not identify any authority showing that a faculty member of a medical school somehow violates federal law by dismissing a student who desecrates a cadaver, even after permitting the student to explain her point of view multiple times, both in writing and in person. Thus, Plaintiff has not identified "clearly established" law for purposes of overcoming qualified immunity.

Because Plaintiff cannot show a due process violation, and alternatively, because she cannot show how the Individual Defendants violated clearly established law, her § 1983 claim against the Individual Defendants is barred by qualified immunity. Thus, the Court should dismiss it.

## 3. Plaintiff fails to articulate any legally cognizable disability discrimination claim.

Plaintiff completely ignores the Fifth Circuit line of cases cited in Defendants' Motion to Dismiss that conclusively forecloses Plaintiff's ADA and Rehabilitation Act claims for disability discrimination. Instead, Plaintiff simply reemphasizes the exact arguments expressly rejected by the Fifth Circuit. Plaintiff contends that her

"doodling on the cadaver" was "because of her ADHD." ECF 14 at 16. In other words, Plaintiff argues that the misconduct that caused her dismissal was in turn caused by a disability. That is *exactly* what the Fifth Circuit has repeatedly held is legally insufficient to state a disability discrimination claim. *See Harkey v. NextGen Healthcare, Inc.*, No. 21-50132, 2022 WL 2764870, at *3 (5th Cir. July 15, 2022) (per curiam) (discussing *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1052–53 (5th Cir. 1998), and *Seaman v. CSPH, Inc.*, 179 F.3d 297, 298–99 (5th Cir. 1999)).

Because the ADA and the Rehabilitation Act do not protect Plaintiff's desecration of a cadaver, regardless of whether her actions were caused by ADHD, Plaintiff has failed to state a claim for relief under those statutes. Accordingly, the Court should dismiss Plaintiff's disability discrimination claims.

**4.  Plaintiff provides no legal support for her state law tort claims.**

Plaintiff concedes that her claims for negligent and intentional infliction of emotional distress against the Individual Defendants should be dismissed. ECF 14 at 16. Plaintiff does not mention or attempt to offer any argument in support of her tort claims against the Official Defendants. Accordingly, this Court should dismiss those claims as well, for the reasons set forth in Defendants' Motion to Dismiss.

**5.  Plaintiff has not shown any applicable exception to attorney immunity.**

Plaintiff states that attorney immunity does not apply to "acts outside of the litigation context." ECF 14 at 17. However, the very case Plaintiff cites for that proposition expressly *rejected* that proposition and held the opposite. *See Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501, 505–06 (5th Cir. 2019). Indeed, the Fifth

Circuit concluded that the scope of attorney immunity "is broad," covering not only attorneys engaged in litigation, but also "the multitude of attorneys that routinely practice and advise clients in non-litigation matters." *Id.* at 506.

Plaintiff does not dispute that Erin Sine and Jessica Spaniol are attorneys for UTSW, nor does Plaintiff allege that Ms. Sine and Ms. Spaniol have any other job position, title, or duty besides their positions as legal counsel for UTSW. Instead, Plaintiff offers mere speculation that Ms. Sine and Ms. Spaniol may not have been acting as attorneys during the disciplinary hearing regarding Plaintiff. There is absolutely no basis for such a conclusory speculation, nor does Plaintiff plead any facts that would support it. *See Plotkin*, 407 F.3d at 696 (noting that a court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions"). As undisputed attorneys for UTSW, and in the absence of any allegations that they hold some other non-legal position or perform any non-legal duties for UTSW, Ms. Sine and Ms. Spaniol are entitled to attorney immunity.

Even if Plaintiff had pleaded a legally cognizable claim against Ms. Sine or Spaniol that survived the numerous other challenges articulated in Defendant's Motion to Dismiss (which Plaintiff has not done), her claims against those individuals would nevertheless be barred by attorney immunity. Accordingly, this Court should dismiss them.

**6.     Amendment would be futile.**

Plaintiff has generically requested leave to amend her pleadings. Plaintiff incorrectly asserts that she may file an amended complaint as a matter of course.

Plaintiff's deadline to file an amended complaint as a matter of course expired twenty-one days after Defendants filed their original Motion to Dismiss (the same day Plaintiff filed her Response). *See* Fed. R. Civ. P. 15(a)(1)(B). Accordingly, Plaintiff will require leave of this Court to file an amended pleading. *See* Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires," *id.*, but the Fifth Circuit has explained that even under this standard, "a district court need not grant a futile motion to amend," *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Id.*

Here, amendment would be futile. Plaintiff's § 1983 claim fails as a matter of law due to sovereign immunity, qualified immunity, and the general inability to state a cognizable cause of action for a due process violation. Plaintiff's disability discrimination claims fail as a matter of law because the facts she has affirmatively pleaded place her squarely outside the scope of the ADA and the Rehabilitation Act pursuant to established Fifth Circuit precedent. Finally, Plaintiff does not challenge the dismissal of her state law tort claims. Accordingly, any amendment to Plaintiff's complaint would be futile, and Plaintiff has failed to show otherwise. *See Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 232 (5th Cir. 2022) (affirming a district court's decision that amendment would be futile where the plaintiffs "did not specify what amendments they wished to make, or attach an amended pleading"). Thus, this Court should dismiss Plaintiff's claims without leave to amend.

## CONCLUSION & PRAYER

For all the foregoing reasons, as well as for all the reasons set forth in Defendants' Motion to Dismiss, Defendants respectfully request this Court to dismiss all of Plaintiff's claims. Defendants also request such further relief to which they may be entitled.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**CHRISTOPHER D. HILTON**
Chief, General Litigation Division

_/s/ Benjamin S. Walton_
**BENJAMIN S. WALTON**
*Lead Attorney*
Texas Bar No. 24075241
Assistant Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711
(512) 463-2120 – Phone
(512) 320-0667 – Fax
benjamin.walton@oag.texas.gov

***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2023, a true and correct copy of this document was electronically filed using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

Keith Altman
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com

Robert M. Kisselburgh
Kisselburgh Law Firm
1300 S. University Drive, Suite 500
Fort Worth, Texas 76107
Telephone: (817) 500-0990
Fax: (817) 576-1928
robert@kisselburghlaw.com

*Counsel for Plaintiff*

                                                */s/ Benjamin S. Walton*
                                                **BENJAMIN S. WALTON**
                                                Assistant Attorney General